■ In the Matter of CARMEN CATARINE, Appellant, v BRIAN WING, as Commissioner of New York State Department of Social Services, et al., Respondents. [710 NYS2d 569] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), entered December 3, 1997, which denied the petition and dismissed the proceeding, unanimously reversed, on the law, without costs, the petition granted, respondent's determination dated June 12, 1996, annulled and respondent New York City Department of Social Services (hereinafter the City) directed to pay petitioner $5,655, representing the unpaid balance of a Supplemental Security Income (SSI) payment check, dated May 5, 1995, in the amount of $9,404.

In 1993, the Social Security Administration approved petitioner's application for SSI benefits retroactive to July

1992, for a period ending September 1993, on the theory that, while petitioner was disabled for such period, her disability had ended. Thereafter, on April 6, 1995, as the result of petitioner's administrative appeal, the Social Security Administration found petitioner eligible for SSI benefits on an ongoing basis from October 1, 1993. On May 25, 1995, the City notified petitioner that it had received petitioner's retroactive SSI payment in the amount of $9,404 and that, in accordance with petitioner's authorization to the Secretary of Health and Human Services, it was deducting $9,961.24 in public assistance received by petitioner during the relevant period.

A fair hearing was then held on petitioner's claim that the May 1995 check did not represent an "initial payment" and, in a decision dated November 21, 1995, the Commissioner of the State Department of Social Services found that the May 1995 check was not part of petitioner's "initial payment" pursuant to 42 USC § 1383 (g) and directed the City to forward to petitioner the entire amount of the check. The City moved for reconsideration on the ground that the check constituted a retroactive payment after petitioner's SSI benefits were terminated, as provided for in 42 USC § 1383 (g) (3) (B), which resulted in another fair hearing and the determination under review, which held, *inter alia*, that the May 1995 check "represented an initial payment after a period of suspension or termination which is clearly subject to recovery." This CPLR article 78 proceeding ensued.

In denying the petition, the IAS Court, relying upon this Court's decision in *Matter of Carnegie v Perales* (200 AD2d 502, 503, *lv denied* 83 NY2d 761), held that respondent's determination had a rational basis. However, such reliance was misplaced in light of the Court of Appeals decision in *Matter of Rodriguez v Perales* (86 NY2d 361) reversing this Court's decision (205 AD2d 418), which was based upon our prior decision in *Carnegie*.

In *Matter of Rodriguez* (*supra*), petitioner, as here, was initially found eligible for SSI benefits for a limited period; however, as the result of an administrative appeal, it was determined that petitioner was entitled to disability benefits from an earlier date, as she had claimed. In rejecting the City's claim that it was entitled to further reimbursement for interim Home Relief payments to petitioner, the Court of Appeals held that the amount of SSI benefits that may be taken by a locality is limited to that which the Federal agency initially determines is due to the applicant regardless of any corrective action that may be taken.

Although SSI benefits are generally not subject to attachment, garnishment or other legal process (42 USC §§ 407, 1383 [d] [1]), in order to provide an incentive to States to provide financial assistance to needy individuals awaiting disposition of their applications for SSI assistance, Congress provided that such interim payments " 'that the [Federal agency] has determined *to be due with respect to the individual* at the time the Secretary makes the first payment' " would be exempt from the general anti-attachment rule (*Matter of Rodriguez v Perales, supra,* at 365, quoting 42 USC § 1383 [g] [2] [emphasis supplied by Court of Appeals]).

In so ruling, the Court recognized that limiting the State to reimbursement from the SSI recipient's first payment might produce a windfall for individuals who succeed in obtaining an upward adjustment of their retroactive entitlements as a result of administrative appeals, but found such possibility, alone, an insufficient reason not to strictly construe the Federal anti-attachment legislation (*supra,* at 368-369).

Respondents argue that *Rodriguez (supra)* is inapposite in that it dealt solely with the "first payment" provision of 42 USC § 1383 (g) (3) (A) and not the recoupment provision of clause (B) of that paragraph, applicable here, and that *Rodriguez* is distinguishable inasmuch as, in that case, the petitioner's appeal resulted in interim assistance payments for a period that predated the agency's initial erroneous decision, whereas, in this case, petitioner's administrative appeal resulted in payment for a period following termination of benefits.

However, such arguments are unpersuasive. The rationale in *Rodriguez (supra)* applies equally to clauses (A) and (B). Moreover, the May 1995 payment was not for a period following a termination of benefits inasmuch as petitioner's benefits were never terminated within the meaning of the applicable statutes and regulations, a fair reading of which provides that termination for disability-related reasons can only occur following a statutorily mandated review, after a recipient has already been found eligible for SSI benefits, and a showing that the recipient is currently able to engage in substantial gainful activity. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Andrias, JJ.